# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY WHITE,** | : | CIVIL ACTION NO. 1:07-CV-0951 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **NATHAN FAZENBAKER,** | : | |
| **ALAN SHIPLEY, TIM GUISE,** | : | |
| **and CHAD SPRANKLE,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 28th day of September, 2010, upon consideration of the report of the magistrate judge (Doc. 123), recommending that the court grant defendant Guise's motion (Doc. 100) for summary judgment and grant in part and deny in part the motion (Doc. 98) for summary judgment filed by defendants Fazenbaker, Shipley, and Sprankle, and upon further consideration of the objections[1] filed by plaintiff White (Doc. 128), wherein White renews his arguments

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

that the searches violated his rights under the Fourth Amendment,[2] and upon further consideration of the objections filed by defendants Fazenbaker, Shipley, and Sprankle (Doc. 124), wherein Fazenbaker, Shipley, and Sprankle object to the recommendation that summary judgment be denied as to the first "search" of the hotel room,[3] and following an independent review of the record, it appearing that

---

[2] White generally objects to the magistrate judge's conclusions regarding the "first search[,]" the "second search[,]" and the "search of the vehicle" (see Doc. 128 at 1), but points to no evidence of record to contradict the magistrate judge's findings. The court also notes that White's objections lack the specificity required by Local Rule of Court 72.3. Despite these failures, the court has conducted a *de novo* review of these contested portions of magistrate judge's report and has found no basis for rejecting his recommendation.

[3] In his report, the magistrate judge recommended denying the motion for summary judgment of defendants Fazenbaker, Shipley, and Sprankle as to the first search because they did not set forth their basis for a reasonable belief that 1) White resided in Room 4 of the Western Inn, and 2) White was in the room at the time of the first search. See Doc. 123 at 20-21 (citing Payton v. New York, 445 U.S. 573, 603 (1980)). Defendants responded to the magistrate judge's call for information by pointing to evidence of record indicating 1) that a vehicle which White had been known to drive was outside of the hotel room at the time of the first search, and 2) that "[w]hen asked who else was in the room or had been there," an occupant of the room "indicated several subjects, including Anthony White." See Doc. 124 at 5-7. The court, therefore, will address defendants' objection and consider whether the evidence satisfies the requirements for a search pursuant to the execution of an arrest warrant under Payton.
    The magistrate judge properly noted that an arrest warrant founded on probable cause "implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to be the suspect is within." See Doc. 123 at 20 (citing Payton, 445 U.S. at 603). "Payton requires that officers have 'a reasonable belief that the arrestee (1) lived in the residence, and (2) is within the residence at the time of entry.'" United States v. Veal, 453 F.3d 164, 167 (3d Cir. 2006). The Third Circuit "has described the test using the language of 'probable cause[,]'" and has stated that "[t]o determine whether the police had probable cause to believe a suspect was residing and present in a home, we apply a 'common sense approach' and consider 'the facts and circumstances within the knowledge of law enforcement agents, when viewed in the totality.'" See id. (citations omitted).
    In Veal, the Third Circuit listed multiple facts which gave the officers probable cause to believe that the defendant resided at and was present in the residence. The court noted, *inter alia*, the probative value of the following facts: 1)

2

White brought the instant action to recover damages under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights, and it further appearing that defendants contend that summary judgment is appropriate because White has failed to adduce evidence sufficient to support his claims, and the court concluding that the instant case presents no genuine disputes of fact to be resolved, and that defendants are entitled to judgment as a matter of law, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 123) is ADOPTED in part and REJECTED in part as follows:

    a. REJECTED insofar as it recommends denying the motion (Doc. 98) for summary judgment filed by defendants Fazenbaker, Shipley, and Sprankle as to the first search.

    b. ADOPTED in all other respects.

---

"a car Veal was reported to drive was parked nearby at the time of arrest"; 2) a "tip from third-party suggested defendant lived in a particular location"; and 3) "the officers were aware Veal was a fugitive who might be attempting to conceal his location[.]" See id. at 168 (citations omitted). Using the common sense approach and considering the totality of the facts and circumstances within the knowledge of the law enforcement officers at the time of the search presently at issue, the court concludes that the officers had probable cause to believe that White was residing at and present in Room 4 of the Western Inn. The officers received a tip from a third-party that White had been or was still in Room 4, and this tip was corroborated by the presence of a vehicle associated with White. Thus, the officers were justified in entering the hotel room in an effort to effectuate the arrest warrant. The court will therefore reject the magistrate judge's recommendation that the summary judgment motion of defendants Fazenbaker, Shipley, and Sprankle should be denied as to the first search.

 Having reached the conclusion that the officers satisfied the requirements of Payton, the court will not discuss defendants' alternative arguments that 1) White had no reasonable expectation of privacy in the hotel room, or 2) no evidence of record indicates that a search was conducted. See Veal, 453 F.3d at 167 (stating "We do not need to determine whether Veal had a privacy interest in his wife's residence, for, even assuming such an interest, the police had probable cause to believe that he was residing at and present in the residence.").

2. Defendant Guise's motion (Doc. 100) for summary judgment is GRANTED.

3. The motion (Doc. 98) for summary judgment filed by defendants Fazenbaker, Shipley, and Sprankle is GRANTED.

4. The Clerk of Court is instructed to enter JUDGMENT in favor of defendants and against White on all claims.

5. The Clerk of Court is directed to CLOSE this case.


          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge