# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY WHITE,** | : | CIVIL ACTION NO. 1:07-CV-0951 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **NATHAN FAZENBAKER**, | : | |
| **ALAN SHIPLEY, TIM GUISE,** | : | |
| and **CHAD SPRANKLE**, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 11th day of January, 2011, upon consideration of the motion for reconsideration (Doc. 135), filed by plaintiff Anthony White ("White"), wherein White seeks reconsideration of the order of court (Doc. 129) dated September 28, 2010 (hereinafter "the September 28 order") granting summary judgment in favor of defendants,[1] and upon further consideration of the supplements (Doc. 136, 138) pertaining thereto, and of defendants' brief (Doc. 137) in opposition, and it appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for

---

[1] In the September 28 order, this court granted summary judgment in defendants' favor on all claims and directed the Clerk of Court to close the above-captioned matter. White now requests that the court reconsider the September 28 order and "set this matter for further proceedings." (Doc. 135 at 1).

reconsideration as a means to relitigate matters of disagreement with the court, see Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), and the court concluding that White has neither presented newly discovered evidence nor demonstrated that the September 28 order contains a manifest error of law or fact,[2] and that his motion for reconsideration merely seeks to relitigate a "point of disagreement between the Court and the litigant," Abu-Jamal, 2001 WL 1609761, at *9; see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002), it is hereby ORDERED that the motion for reconsideration (Doc. 135) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] First, White notes that the report of the Magistrate Judge (Doc. 123) recommended denying the motion for summary judgment of defendants Fazenbaker, Shipley, and Sprankle as to the first "search" at issue in the instant case. The court's reasons for rejecting this portion of the Magistrate Judge's recommendation, and granting summary judgment in defendants' favor on all claims, are fully set forth in the September 28 order, (see Doc. 129 n.3), and White's observation does not demonstrate that a manifest error occurred.
    Second, White contends that "he was denied sufficient opportunity to conduct discovery" and that a discovery request made by him remains outstanding. (Doc. 135 at 4-5). White does not, however, identify any new evidence, nor does his argument establish manifest error. To the extent that the pending motion could be construed as a request for a continuance to "allow time . . . to take discovery" pursuant to Rule 56(d)(2), the court concludes that such a motion must be denied as untimely and, alternatively, on the basis that White has failed to make the requisite showing. See FED. R. CIV. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may: . . . (2) allow time . . . to take discovery[.]")